FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA          2018 MAY 25  PM 3: 03
ORLANDO DIVISION

JEUNESSE GLOBAL HOLDINGS, LLC, a
Florida Limited Liability Company,

       Plaintiff,                  Case No.: 6:18-cv-822-0R( - 40GJK

v.                         **COMPLAINT FOR DAMAGES**

CRISTOFER JUSTIN, individually,
and RUTH JUSTIN, individually,

       Defendants.
_____/

## COMPLAINT FOR DAMAGES, REQUEST FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff, Jeunesse Global Holdings, LLC ("Plaintiff"), files its Complaint for Damages and Request for Injunctive Relief against Defendants, Cristofer Justin and Ruth Justin (collectively, "Defendants").

### PARTIES

1.     Plaintiff is, and at all material times was, a Florida Limited Liability Company, duly authorized and licensed to conduct business in Florida, with its principal place of business located in Lake Mary, Seminole County, Florida.

2.     Plaintiff's sole member is Jeunesse, LLC. Jeunesse, LLC's members are residents of Florida.

3.     Defendant, Cristofer Justin is, and was at all material times, an individual residing in National City, San Diego County, California.

1

4.     Defendant, Ruth Justin is, and was at all material times, an individual residing in National City, San Diego County, California.

## JURISDICTIONAL ALLEGATIONS

5.     This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the Lanham Act (15 U.S.C. §1051 et seq.), copyright infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a) and (b).

6.     Venue is proper, inter alia, pursuant to 28 U.S.C. §1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district.

7.     Personal jurisdiction exists over Defendants because Defendants conduct business within the State of Florida and within this judicial district, have purposefully directed action to Florida and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of Florida, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

8.     Specifically, Defendants are subject to the jurisdiction of this Court pursuant to Chapter 48, Florida Statutes, because the causes of action alleged herein arise out of the Defendants:

   a.  operating, conducting, engaging in, or carrying on a business, or business venture in the State of Florida, or having an office or agency in this state; and/or

     b.   committing a tortious act within this state; and/or

     c.   engaging in solicitation or service activities within this state; and/or

     d.   products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

9.     Additionally, and alternatively, the Defendants are subject to the jurisdiction of this Court pursuant to Chapter 48, Florida Statutes, because, upon information and belief, at all relevant times hereto, Defendants have been engaged in substantial and not isolated activity within the State of Florida.

10.     Defendants regularly conduct business in the State of Florida, solicit customers and purchase orders for products in the State of Florida, and has negligently, or willfully and knowingly, sold counterfeit products and infringed upon Plaintiff's trademark and copyright in direct competition with Plaintiff in the State of Florida.  Accordingly, Defendants amenable to service of process pursuant to Section 48.193, Florida Statutes, and other authority.

## GENERAL ALLEGATIONS

11.     Plaintiff has developed and maintains JEUNESSE, a worldwide multi-level marketing business that distributes products intended to promote health, skin care, and beauty which use innovative stem-cell technology.  Plaintiff markets its JEUNESSE products through a variety of channels, including the internet and distributors.

12.     One of the main components of Plaintiff's business encompasses the production, sale and distribution of its successful JEUNESSE products, including LUMINESCE cellular rejuvenation serum and INSTANTLY AGELESS micro cream.

13.     The success of the JEUNESSE product line and Plaintiff's LUMINESCE cellular rejuvenation serum and INSTANTLY AGELESS micro cream is due in part to Plaintiff's marketing and promotional efforts. These efforts include advertising and promotion through Plaintiff's websites, distributors, print and other internet-based advertising, and in-person, online and televised promotional appearances by its distributors, among other efforts. Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its JEUNESSE product line and marks and its LUMINESCE cellular rejuvenation serum and its INSTANTLY AGELESS micro cream products and marks.

14.     The success of Plaintiff's JEUNESSE product line, its LUMINESCE cellular rejuvenation serum, and its INSTANTLY AGELESS micro cream is not only due to Plaintiff's promotional efforts. The popularity of JEUNESSE products, Plaintiff's LUMINESCE cellular rejuvenation serum, and Plaintiff's INSTANTLY AGELESS micro cream is also due to Plaintiff's consumers, and the word of mouth buzz consumers have generated.

15.     As a result of Plaintiff's efforts, the quality of Plaintiff's products, Plaintiff's promotion and word of mouth, Plaintiff's JEUNESSE product line, its LUMINESCE cellular rejuvenation serum, and its INSTANTLY AGELESS micro cream have been prominently placed in the minds of the public. Consumers, purchasers and the members of the public have become familiar with the Plaintiff's JEUNESSE product line, its LUMINESCE cellular rejuvenation serum, its INSTANTLY AGELESS micro cream, and other products, and have come to recognize

the JEUNESSE, LUMINESCE, and INSTANTLY AGELESS marks and products and associate them exclusively with Plaintiff. Accordingly, Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. The JEUNESSE, LUMINESCE, and INSTANTLY AGELESS marks are famous in the United States and world-wide.

16.    While Plaintiff has gained significant common law trademark and other rights in its JEUNESSE products, including its LUMINESCE cellular rejuvenation serum and INSTANTLY AGELESS micro cream, through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations as well as obtaining power of attorney, where applicable, to enforce intellectual property.

17.    Plaintiff owns a United States Patent and Trademark Office ("U.S.P.T.O.") registration for the "LUMINESCE" word mark under U.S. Registration Number ("U.S. Reg. No.") 4,541,378.

18.    Plaintiff also owns the following U.S.P.T.O. registrations for the "JEUNESSE" word mark (U.S. Reg. No. 4,181,745) and design mark (U.S. Reg. No. 4,615,895):



19.    Plaintiff also owns a United States Copyright Registration relating to its LUMINESCE cellular rejuvenation serum product under Certificate of Registration Number ("Cert. of Reg. No.") VA 2-022-383.

20.    Plaintiff also has power of attorney to enforce and protect all rights related to the United States Patent and Trademark Office ("U.S.P.T.O.") registration for the "INSTANTLY AGELESS" word mark under U.S. Reg. No. 4,387,492.

21.    Plaintiff owns a United States Copyright Registration relating to its INSTANTLY AGELESS packaging under Cert. of Reg. No. VA 2-027-391.

22.    Plaintiff has never authorized or consented to Defendants' use of Plaintiff's JEUNESSE® and/or LUMINESCE® marks or any confusingly similar marks by Defendants; nor has Plaintiff authorized Defendants to manufacture, copy, offer for sale, sell, or distribute any JEUNESSE products, including its LUMINESCE cellular rejuvenation serum.

23.    Defendants also have not been provided authorization or consent to use the INSTANTLY AGELESS® mark or any confusingly similar marks; nor have Defendants been authorized to manufacture, copy, offer for sale, sell, or distribute any JEUNESSE products, including INSTANTLY AGELESS micro cream products.

## Defendants' Wrongful and Infringing Conduct

24.    Defendants have sold and are currently selling counterfeit JEUNESSE products, including but not limited to Plaintiff's LUMINESCE cellular rejuvenation serum and INSTANTLY AGELESS micro cream.

25.    Defendants offer for sale and sell counterfeit JEUNESSE products to consumers through Amazon.com ("Amazon") under user storefronts "BB Bargain Box" and "mommybestbuy" using Plaintiff's JEUNESSE® marks, LUMINESCE® marks, INSTANTLY AGELESS® marks, and copyright, in advertising.  Defendants also offer for sale and sell counterfeit JEUNESSE products to consumers through eBay.com ("eBay") under username CDCJ2, using Plaintiff's JEUNESSE® marks, LUMINESCE® marks, INSTANTLY AGELESS® marks, and copyright, in advertising.

26.    Defendants facilitate the receipt of payment for counterfeit LUMINESCE cellular rejuvenation serum and INSTANTLY AGELESS micro cream sold to consumers on Amazon.com and through eBay.com.

27.    Defendants distribute counterfeit LUMINESCE cellular rejuvenation serum and INSTANTLY AGELESS micro cream to consumers who purchase products directly from Defendants through Amazon.com and eBay.com account(s) registered and used by Defendants and/or to consumers who purchased counterfeit LUMINESCE cellular rejuvenation serum and INSTANTLY AGELESS micro cream through Amazon.com accounts registered by third parties working in conjunction with Defendants.

28.    On July 25, 2017, Plaintiff arranged the purchase of a purported new bottle of "Jeunesse LUMINESCE cellular rejuvenation serum" being offered for sale by Defendants on Amazon.com under user storefront "BB Bargain Box" for a cost of $55.00.

29.    In October 2017, Plaintiff arranged the purchase of a purported bottle of "Jeunesse LUMINESCE cellular rejuvenation serum" being offered for sale by Defendants on ebay.com under username CDCJ2.

30.    The LUMINESCE cellular rejuvenation serums that were purchased and received from both BB Bargain Box and CDCJ2 had Cristofer Justin listed as the sender in the shipping label.  The shipping label return address was Defendants' address: 1601 Prospect Street, National City, CA 91950.

31.    The packages received that contained the LUMINESCE cellular rejuvenation serums that were purchased and received from both BB Bargain Box and CDCJ2 included the following business card with Defendants information on it.



32.    The LUMINESCE cellular rejuvenation serums purchased on Amazon.com from "BB Bargain Box" was inspected to determine authenticity. Plaintiff's inspection of the items purchased and received, confirmed that the items offered for sale, sold, and/or distributed by Defendants were, in fact, counterfeit LUMINESCE cellular rejuvenation serum.

33.    Similarly, the LUMINESCE cellular rejuvenation serums purchased on ebay.com from "CDCJ2" and was inspected to determine authenticity. Plaintiff's inspection of the items purchased and received, confirmed that the items offered for sale, sold, and/or distributed by Defendants were, in fact, counterfeit LUMINESCE cellular rejuvenation serum.

34.    Also, on February 14, 2017, Plaintiff arranged the purchase of "Jeunesse Instantly Ageless – "Hong Kong" – Wrinkle Cream" being offered for sale by Defendants on ebay.com under username CDCJ2for a cost of $14.50.

35.    The INSTANTLY AGELESS micro cream that was purchased and received from CDCJ2 was inspected to determine authenticity. Plaintiff's inspection of the items purchased and received, confirmed that the items offered for sale, sold, and/or distributed by Defendants were, in fact, counterfeit INSTANTLY AGELESS micro cream.

36.    Defendants have willfully attempted to replicate, sold, and distributed a presently unknown quantity of counterfeit LUMINESCE cellular rejuvenation serum and counterfeit INSTANTLY AGELESS micro cream.

37.    By their advertisements, sales and distributions, Defendants violate Plaintiff's exclusive rights in its copyrighted material, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's trademarks and copyrights to confuse consumers and aid in the promotion and sales of its unauthorized product.

38.    Defendants' actions began long after Plaintiff's adoption and use of its JEUNESSE, LUMINESCE and INSTANTLY AGELESS trademarks, after Plaintiff obtained the copyright and trademark registrations as well as the trademark enforcement rights alleged above, and after the marks became famous.

39.    Defendants' actions were committed in bad faith and with the intent to dilute the trademarks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants'

counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

40.    In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: (i) infringed and diluted Plaintiff's rights in the JEUNESSE, LUMINESCE and INSTANTLY AGELESS marks; (ii) infringed Plaintiff's copyrights; (iii) applied counterfeit marks; (iv) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (v) used false designations of origin on or in connection with its goods and services; (vi) committed unfair competition; and (vii) unfairly profited from such activity.  Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## COUNT I

### (Trademark Infringement pursuant to 15 U.S.C. §1114/ Lanham Act §32(a) against Defendants)

41.    Plaintiff re-asserts and re-alleges every allegation set forth in Paragraphs 1-40.

42.    Plaintiff has continuously used its JEUNESSE, INSTANTLY AGELESS, and LUMINESCE marks in interstate commerce since at least as early as 2009.

43.    Plaintiff, as the owner of all rights, title and interest in and to the JEUNESSE, INSTANTLY AGELESS, and LUMINESCE marks, has standing to maintain an action for trademark infringement under the Trademark Statute 15 U.S.C. §1114.

44.    Defendants are and at the time of their actions complained of herein were actually aware of Plaintiff's rights related to the registered trademarks of the JEUNESSE, INSTANTLY AGELESS, and LUMINESCE marks identified herein.

45.    Defendants did not and failed to obtain the consent or authorization of Plaintiff to deal in and commercially distribute, market and sell LUMINESCE cellular rejuvenation serum bearing JEUNESSE and LUMINESCE marks into the stream of commerce.

46.    Defendants did not and failed to obtain the consent or authorization of Plaintiff to deal in and commercially distribute, market and sell INSTANTLY AGELESS micro cream bearing JEUNESSE and INSTANTLY AGELESS marks into the stream of commerce.

47.    Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' counterfeit products by offering, advertising, promoting, retailing, selling, and distributing counterfeit LUMINESCE cellular rejuvenation serum and INSTANTLY AGELESS micro cream bearing the JEUNESSE, LUMINESCE, and INSTANTLY AGELESS marks.

48.    Defendants reproduced, counterfeited, copied, and colorably imitated the registered JEUNESSE, LUMINESCE, and INSTANTLY AGELESS marks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, prints, packages, wrappers, receptacles and advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit LUMINESCE cellular rejuvenation serum

bearing the JEUNESSE and LUMINESCE marks and counterfeit INSTANTLY AGELESS micro cream bearing the JEUNESSE and INSTANTLY AGELESS marks.

49.    Defendants' egregious and intentional use and sale of fake and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

50.    Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the marks, as well as with bad faith and with the intent to cause confusion or to cause mistake and to deceive.

51.    Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the JEUNESSE, LUMINESCE and INSTANTLY AGELESS marks and the goodwill associated therewith, for which it has no adequate remedy at law; thus, Plaintiff requests injunctive relief.

52.    Defendants' continued and knowing use of Plaintiff's rights in the marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114. Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## COUNT II

**(Copyright Infringement pursuant to 17 U.S.C. §501(a) against Defendants)**

53.    Plaintiff re-asserts and re-alleges every allegation set forth in Paragraphs 1-40.

54.    Plaintiff is the exclusive owner of a copyright in and related to its LUMINESCE cellular rejuvenation serum product and possesses a copyright registration with the United States Copyright Office relating to the same, including Cert. of Reg. No. VA 2-022-383.

55.    Plaintiff is the exclusive owner of a copyright in and related to its INSTANTLY AGELESS product packaging and possesses a copyright registration with the United States Copyright Office relating to the same, including Cert. of Reg. No. VA 2-027-391.

56.    Defendants did not seek and failed to obtain Plaintiff's consent or authorization to import, utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

57.    Without permission, Defendants intentionally and knowingly imported, reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected work by offering, advertising, promoting, retailing, selling, and distributing counterfeit LUMINESCE cellular rejuvenation serum and counterfeit INSTANTLY AGELESS micro cream which is at a minimum substantially similar to Plaintiff's copyright protected works.

58.    Defendants' acts as alleged herein, constitute infringement of Plaintiff's copyrights, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected materials.

59.    Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will

continue to cause damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

## COUNT III

**(False Designation of Origin & Unfair Competition pursuant to 15 U.S.C. §1125(a)/Lanham Act §43(a) against Defendants)**

60.     Plaintiff re-asserts and re-alleges every allegation set forth in Paragraphs 1-40.

61.     Plaintiff, as the owner of all common law rights, title, and interest in and to the JEUNESSE, LUMINESCE and INSTANTLY AGELESS marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125).

62.     The JEUNESSE, LUMINESCE, and INSTANTLY AGELESS marks are inherently distinctive and/or have acquired distinctiveness.

63.     Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the JEUNESSE, LUMINESCE, and INSTANTLY AGELESS marks, and/or have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

64.     Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of the JEUNESSE, LUMINESCE, and INSTANTLY AGELESS marks.

14

65.    On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

66.    Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of the JEUNESSE, LUMINESCE, and INSTANTLY AGELESS marks would cause confusion, mistake, or deception among purchasers, users and the public.

67.    Defendants' egregious and intentional use and sale of fake and counterfeit items bearing the marks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine JEUNESSE LUMINESCE cellular rejuvenation serum or genuine JEUNESSE INSTANTLY AGELESS micro cream.

68.    Defendants' continuing and knowing use of the marks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

69.    Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its LUMINESCE cellular rejuvenation serum product and of its INSTANTLY AGELESS micro cream in an amount as yet unknown but to be

determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seeks an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

70.    Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

<u>COUNT IV</u>

**(Dilution pursuant to 15 U.S.C. §1125(c) against Defendants)**

71.    Plaintiff re-asserts and re-alleges every allegation set forth in Paragraphs 1-35.

72.    The JEUNESSE, LUMINESCE, and INSTANTLY AGELESS marks are distinctive and famous within the meaning of the Lanham Act.

73.    Upon information and belief, Defendants' unlawful actions began long after the marks became famous, and Defendants acted knowingly deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute the marks. Defendants' conduct is willful, wanton and egregious.

74.    Defendants' intentional sale of fake and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine LUMINESCE cellular rejuvenation serums and are genuine INSTANTLY AGELESS micro creams. The actions of Defendants complained of herein have diluted and will continue to dilute the marks, and are likely to impair the

distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and the marks.

75.    Defendants' acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

76.    As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## COUNT V
**(Trade Dress Infringement of "LUMINESCE cellular rejuvenation serum" Packaging pursuant to 15 U.S.C. §1125(a)/Lanham Act §43(a) against Defendants)**

77.    Plaintiff re-asserts and re-alleges every allegation set forth in Paragraphs 1-40.

78.    Plaintiff took extensive, deliberate steps to create a unique branding for its products and to that end developed a unique and distinctive packaging for its products, including its LUMINESCE cellular rejuvenation serum, that is unique. The following image depicts the LUMINESCE cellular rejuvenation serum packaging:



79.    Since its inception, Plaintiff has expended significant resources in advertising and promoting LUMINESCE cellular rejuvenation serum, which incorporate the unique packaging.

80.    Since its inception, Plaintiff has been continuously engaged in the business of developing, marketing, and selling LUMINESCE cellular rejuvenation serum which incorporates the LUMINESCE cellular rejuvenation serum unique packaging.

81.    LUMINESCE cellular rejuvenation serum product—incorporating the unique packaging has become well-known to the public.

82.    The LUMINESCE cellular rejuvenation serum packaging is distinctive and is associated with Plaintiff in the marketplace.

83.    Consumers have come to recognize and identify the distinctive features of Plaintiff's trade dress as identifying the seller of LUMINESCE cellular rejuvenation serum, to wit, Plaintiff.

84.    Plaintiff's trade dress is primarily non-functional and has acquired secondary meaning in the marketplace.

85.    Defendants' counterfeit products marketed and sold utilize packaging nearly identical to that used by Plaintiff.

86.    Defendants' use of nearly identical packaging of that of Plaintiff's renders Defendants' counterfeit products confusingly similar to those sold by Plaintiff.

87.    Defendants' acts as described above are willful and deliberate.

88.    Defendants' acts of marketing and selling counterfeit product in packaging that is nearly identical to Plaintiff's LUMINESCE cellular rejuvenation serum packaging and infringing upon Plaintiff's unique packaging constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

89.    Defendants' activities, as likely intended, are causing a likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendants' products with Plaintiff, and by representing that Defendants' products have sponsorship, approval, characteristics, uses, or benefits that they do not have.

90.    Monetary damages will not provide full and adequate relief for all of Plaintiff's injuries from Defendants' unlawful conduct; Plaintiff is therefore entitled to an injunction pursuant to 15 U.S.C. § 1116.

91.    Under 15 U.S.C. § 1117(a), Plaintiff is further entitled to recover: (1) all of Defendants' profits and gains as a result of Defendants' violation of 15 U.S.C. § 1125(a); all damages suffered by Plaintiff as a result of Defendants' violation of 15 U.S.C. § 1125(a); and (3) all costs of this action.

92.    As a result of Defendants' willfully egregious conduct, Plaintiff believes that this is an exceptional case which entitles Plaintiff to recover additional damages and reasonable attorney's fees pursuant to 15 U.S.C § 1117(a).

## COUNT V

**(Trade Dress Infringement of "INSTANTLY AGELESS" Packaging pursuant to 15 U.S.C. §1125(a)/Lanham Act §43(a) against Defendants)**

93.    Plaintiff re-asserts and re-alleges every allegation set forth in Paragraphs 1-40.

94.    Plaintiff took extensive, deliberate steps to create a unique branding for its products and to that end developed a unique and distinctive packaging for its products, including its INSTANTLY AGELESS micro cream, which is unique. The following image depicts the INSTANTLY AGELESS micro cream packaging:



95.    Since its inception, Plaintiff has expended significant resources in advertising and promoting INSTANTLY AGELESS micro cream, which incorporate the unique packaging.

96.    Since its inception, Plaintiff has been continuously engaged in the business of marketing and selling INSTANTLY AGELESS micro cream which incorporates the INSTANTLY AGELESS micro cream unique packaging.

97.    INSTANTLY AGELESS micro cream product—incorporating the unique packaging has become well-known to the public.

98.    The INSTANTLY AGELESS micro cream packaging is distinctive and is associated with Plaintiff in the marketplace.

99.    Consumers have come to recognize and identify the distinctive features of Plaintiff's trade dress as identifying the seller of INSTANTLY AGELESS micro cream, to wit, Plaintiff.

100.    Plaintiff's trade dress is primarily non-functional and has acquired secondary meaning in the marketplace.

101.    Defendants' counterfeit products marketed and sold utilize packaging nearly identical to that used by Plaintiff.

102.    Defendants' use of nearly identical packaging of that of Plaintiff's renders Defendants' counterfeit products confusingly similar to those sold by Plaintiff.

103.    Defendants' acts as described above are willful and deliberate.

104.    Defendants' acts of marketing and selling counterfeit product in packaging that is nearly identical to Plaintiff's INSTANTLY AGELESS micro cream packaging and infringing upon Plaintiff's unique packaging constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

105.    Defendants' activities, as likely intended, are causing a likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendants' products with Plaintiff, and by representing that Defendants' products have sponsorship, approval, characteristics, uses, or benefits that they do not have.

106.    Monetary damages will not provide full and adequate relief for all of Plaintiff's injuries from Defendants' unlawful conduct; Plaintiff is therefore entitled to an injunction pursuant to 15 U.S.C. § 1116.

107.    Under 15 U.S.C. § 1117(a), Plaintiff is further entitled to recover: (1) all of Defendants' profits and gains as a result of Defendants' violation of 15 U.S.C. § 1125(a); all damages suffered by Plaintiff as a result of Defendants' violation of 15 U.S.C. § 1125(a); and (3) all costs of this action.

108.    As a result of Defendants' willfully egregious conduct, Plaintiff believes that this is an exceptional case which entitles Plaintiff to recover additional damages and reasonable attorney's fees pursuant to 15 U.S.C § 1117(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jeunesse Global Holdings, LLC, prays for judgment against Defendants, Cristofer Justin and Ruth Justin, inclusive, and each of them, as follows:

A. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

B. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

C. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

D. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

E. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to the rendering of final judgment;

F. In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b), for statutory damages pursuant to 17 U.S.C. §504(c), which election Plaintiff will make prior to the rendering of final judgment;

G. For damages to be proven at trial for common law unfair competition;

H. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

I. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

J. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

K. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118 and 17 U.S.C. §503;

L. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

M. For damages in an amount to be proven at trial for unjust enrichment;

N. For an award of exemplary or punitive damages in an amount to be determined by the Court;

O. For Plaintiff's reasonable attorney's fees;

P. For all costs of suit; and

Q. For such other and further relief as the Court may deem just and equitable.

Dated: May 25, 2018

COLE, SCOTT & KISSANE P.A.
Counsel for Plaintiff
Summit Tower, Suite 400
1900 Summit Tower Blvd.
Orlando, FL 32810
Telephone: (321) 972-0025
Facsimile: (321) 972-0099
Email: Christina.Gierke@csklegal.com
       Stephanie.Rogers@csklegal.com

Christina Bredahl Gierke, Esq.
Florida Bar No.: 0055462